NORMAN W. CLARKE, PROSECUTOR, v. MORRIS L. LUBIN, DEFENDANT.

---

NORMAN W. CLARKE, PROSECUTOR, v. BEATRICE LUBIN, BY MORRIS L. LUBIN, HER NEXT FRIEND, DEFENDANT.

Submitted January 29, 1926—Decided May 4, 1926—Filed May 19, 1926.

Evidence—Newly Discovered—District Courts—New Trials—Record Not Sufficiently Complete to Determine Whether the Alleged Evidence was, in Fact, Newly Discovered—Application for Writ of Certiorari Not Made With Sufficient Promptness, Defendant Speculating as to the Outcome of the New Trials—Court Never Favors Suitor in Laches—Writs Denied.

On application for writs of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Frank G. Turner*.

For the defendants, *Samuel S. Ferster*.

PER CURIAM.

This is an application for the allowance of writs of *certiorari* to review the action of the First District Court of Newark in granting a new trial to each of the plaintiffs in the above-entitled causes. From the record submitted it appears that Beatrice Lubin, an infant, instituted by her father as next friend an action against Norman W. Clarke for negligence in driving an automobile which injured the said Beatrice Lubin. Morris L. Lubin, the father, also instituted an action against Clarke for the losses which he had sustained by reason of the injury to his daughter.

Both suits were tried before the First District Court of Newark. Judgments were rendered on September 4th, 1924, in favor of the defendant. On March 27th, 1925, the attorney for the plaintiff presented the affidavit of one William Phillipson to the court, and made an application for the allowance of rules to show cause why new trials should not be granted upon the ground of newly-discovered evidence. The rules were allowed. They were made returnable on April 3d, 1925. On April 25th, 1925, the judgments were opened and the cases set down for trial on May 15th, 1925. The cases were retried. Judgment was rendered in favor of Beatrice Lubin for $500, and judgment was rendered in favor of Morris L. Lubin for $250. The defendant then made the application for writs of *certiorari* to review the orders allowing the new trial.

Counsel for the prosecutors relies upon section 17 of the District Court act, which provides that "in every case tried in any of said courts the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable, and in the meantime stay proceedings provided that application for such new trial, except where the said application is based on newly-discovered evidence, shall be made within thirty days after judgment." This section of the act was construed in *Flaherty* v. *Pack*, 73 *N. J. L.* 103, by Mr. Justice Dixon, who held that, unless the application was based on newly-discovered evidence, that the court, after

thirty days, could not grant a new trial.  We do not know that this construction of the act is questioned in the present proceeding.  The District Court held that the affidavit of William Phillipson presented newly-discovered evidence. From reading the affidavit we have doubt as to whether or not the testimony of Phillipson could be classed as newly-discovered evidence.  The affidavit states that Alin Tramm was with the affiant playing ball when the accident occurred, and that Tramm was a witness for the defendant.  It might be inferred that Tramm had testified to facts which would show that the defendant was not responsible for the accident.  The affiant says that he and Tramm were playing ball when they heard a scream and ran to the place from which it came, and were informed that Beatrice Lubin had been run down by the automobile of Clarke as she was walking on the sidewalk, and that Tramm knew nothing of the accident, except what had been told him.

There are two difficulties to the acceptance of the prosecutors' contentions with which we are confronted.  The first is that the judge of the District Court has found as a fact that the statement of Phillipson with reference to the accident was newly-discovered evidence.  This is the finding of fact.  The second difficulty is that the testimony taken at the first trials is not made a part of the record, so we are unable to tell whether the statement of Phillipson is newly-discovered evidence, as we have not before us for comparison the testimony taken at the first trials.

We are also of the opinion that the application for the writs was not made with sufficient promptness.  The defendant waited until the second trials to make the application.  He speculated as to the outcome of the new trials. Upon losing he made the present application.  This court never favors a suitor in laches.  The writs will be denied.